# IN THE COURT OF APPEALS OF IOWA

No. 23-0388
Filed October 11, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LUCIOUS LEE JACKSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Webster County, Joseph L. Tofilon, District Associate Judge.

        A defendant appeals his conviction for possession of marijuana, second offense. **APPEAL DISMISSED.**

        Agnes G. Warutere of Warutere Law Firm, P.L.L.C., Ankeny, for appellant.

        Brenna Bird, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

        Considered by Tabor, P.J., Chicchelly, J., and Mullins, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**TABOR, Presiding Judge.**

Lucious Jackson pleaded guilty to marijuana possession, second offense, an aggravated misdemeanor under Iowa Code section 124.401(5) (2022). He now contends his sentence was illegal because the district court "applied a sentencing enhancement without admission of a prior conviction." That contention misstates the record. Jackson did admit having a prior conviction for drug possession. And because Jackson did not move in arrest of judgment to challenge his plea—after being advised of the necessity to do so—he cannot show good cause to appeal under Iowa Code section 814.6 (2023). *See State v. Hanes*, 981 N.W.2d 454, 462 (Iowa 2022). Given these facts, we must dismiss his appeal.[1]

After spotting Jackson in his backyard, a patrol officer tried to execute an outstanding arrest warrant and ended up in a foot chase. According to a police report, when officers stopped Jackson, they found "numerous items that were drug related." Among those items was a metal container with marijuana inside. Jackson also had a firearm. In a five-count trial information, the State charged Jackson with possession of marijuana, third offense; possession of methamphetamine, third offense; possession of cocaine, third offense; interference with official acts; and illegal possession of a dangerous weapon. The State later amended the trial information to charge only possession of marijuana, second offense. Jackson entered a written guilty plea, waiving the time for sentencing and his right to be present. The district court imposed an indeterminate two-year sentence, suspended that sentence, and placed Jackson on probation.

---

[1] We review for the correction of legal error. *Hanes*, 981 N.W.2d at 458.

Jackson appeals, alleging his sentence was illegal because an enhancement can be applied only when a prior qualifying conviction has been proven or admitted. *See State v. Harrington*, 893 N.W.2d 36, 47 (Iowa 2017). The State counters, "this is not a situation where the record contains no indication the defendant has qualifying prior convictions." *See State v. Pettyjohn,* No. 17-1236, 2018 WL 3650335, *4 (Iowa Ct. App. Aug. 1, 2018) (rejecting defense casting of argument as an illegal-sentence challenge).[2] We agree with the State.

In fact, in his written guilty plea, Jackson "confessed" to having a prior conviction for marijuana possession, which would enhance his current charge:

> I represent to all counsel and the Court that I committed the offense I am charged with in that on the date in the [trial information], in Webster County Iowa, I knowingly had marijuana in my possession and control, I have one prior conviction under [section] 124.401(5) and I had an attorney on that charge. It was for possession of marijuana.

Also in his written plea, Jackson acknowledged that he had been informed of his right to challenge his plea by timely moving in arrest of judgment and of the procedure for doing so. He also recognized that by waiving time for sentencing, he was "effectively" waiving his right to move in arrest of judgment. After being advised of those rights and requirements, Jackson affirmed that he still wished to go forward with his plea and sentencing.

On appeal, Jackson asserts: "Nothing in the written plea indicated that the court could look outside the written document to support a factual basis." This

---

[2] The State also distinguishes *State v. Jensen*, No. 22-0081, 2022 WL 17828830, at *2 (Iowa Ct. App. Dec. 21, 2022), where we found the defendant had good cause to appeal his enhanced sentence because he did not stipulate to prior convictions and was not challenging a defect in the plea process. We agree that the record here differs from the situation in *Jensen*.

assertion tips his hand. His real challenge is not to the sentence, but to the factual basis for his guilty plea. But because he waived his right to move in arrest of judgment, Jackson cannot show good cause to pursue this direct appeal from his guilty plea as a matter of right. *Hanes*, 981 N.W.2d at 462. We lack jurisdiction to consider his no-factual-basis challenge to his guilty plea.[3]  *Id*.

      **APPEAL DISMISSED.**

---

[3] The State argues we should dismiss the appeal for another reason: that Jackson has absconded. *See, e.g.*, *State v. Diriye*, No. 19-0393, 2020 WL 567226, at *2 (Iowa Ct. App. Feb. 5, 2020) (dismissing where the appellant was a fugitive and finding he "waive[d] or abandon[ed]" the appeal). Because we dismiss for lack of jurisdiction, we do not address this.